858 So.2d 58 (2003)
Arthur BELL, Jr. and Brennon Bell
v.
Karl M. KREIDER, Desiree Ann Gaudet, AllState Insurance Company, John Brock, Timothy Fondren, and Greater New Orleans Expressway Commission.
No. 03-CA-300.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 2003.
*59 Scott W. McQuaig, W. Chad Stelly, McQuaig & Stelly, Metairie, LA, for Plaintiffs-Appellants.
Burgess E. McCranie, Jr., Marty R. Dupuy, McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel, Metairie, LA, for Defendants-Appellees.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD, and EMILE R. ST. PIERRE, Pro Tempore.
EMILE R. ST. PIERRE, Judge Pro Tempore.
Plaintiffs/Appellants appeal the trial court's ruling that held that their claims against defendants/appellees, John Brock and the Greater New Orleans Expressway Commission, had prescribed. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
On January 3, 1998, plaintiffs, Arthur Bell, Jr. and Brennon Bell, were traveling together in their vehicle when they were involved in an automobile accident on the northbound span of the Greater New Orleans Expressway, commonly known as the "causeway bridge." The accident occurred when plaintiffs, who were traveling in the right hand lane, attempted to make a left turn into an emergency crossover because *60 of malfunctioning windshield wipers. In doing so, plaintiffs' vehicle crossed into the left hand lane and collided with a vehicle driven by Karl M. Kreider ("Kreider"). Plaintiff, Arthur Bell, Jr., was subsequently arrested and charged with driving while under the influence of alcohol, but the record does not indicate any final determination on that matter.
At the time of the accident, the Greater New Orleans Expressway Commission ("GNOEC"), which oversees operation of the causeway bridge, directed that traffic on the bridge be restricted to the right hand lane due to foggy weather conditions. However, Kreider, a New Orleans police officer, had requested and received permission from a GNOEC policeman, John Brock ("Officer Brock"), to use the restricted left lane of travel. Kreider, who was off duty and driving a privately owned vehicle at the time, was instructed by Officer Brock to drive with his blue "pancake" flashing police light on in order to alert motorists on the bridge of his presence.
On December 30, 1998, plaintiffs filed two identical Petitions for Damages in different jurisdictions. One suit was filed with the Civil District Court for the Parish of Orleans ("CDC suit") and the other suit was filed with the Twenty-Fourth Judicial District Court for the Parish of Jefferson ("first 24th JDC suit"). Each suit contained the same allegation and named the same defendants, Kreider, Desiree Ann Gaudet (owner of the vehicle operated by Kreider), and Allstate Insurance Company. All three defendants were served and subsequently filed answers in response to the CDC suit, however, no service was ever requested or any other action taken against the defendants in the first 24th JDC suit.
On May 14, 2002, almost four years after the original petitions were filed, both suits were amended to name as additional defendants the GNOEC, Timothy Fondren (Executive Director of the GNOEC), and Officer Brock. In addition, the petitions were amended to include claims of abuse of process and malicious prosecution against the newly-named defendants in connection with the arrest of Arthur Bell, Jr.
The newly-named defendants filed a Declinatory Exception of Improper Venue in response to the CDC suit. On November 8, 2002, the Civil District Court for the Parish of Orleans, Honorable Yada Magee presiding, granted the Declinatory Exception and ordered the suit be transferred to the Twenty-Fourth Judicial District Court in Jefferson Parish, where it is currently pending. The same defendants also moved for the dismissal of the first 24th JDC suit on the basis of abandonment. On December 11, 2002, the Twenty-Fourth Judicial District Court, Honorable Henry Sullivan presiding, formally dismissed the first 24th JDC suit. Plaintiffs have filed a Motion to Vacate the order of dismissal of the first 24th JDC suit, which is currently under advisement with the trial court in that matter.
Contemporaneous with the filing of the amended petitions on May 14, 2002, plaintiffs also filed a separate suit with the Twenty-Fourth Judicial District Court ("second 24th JDC suit"). This second 24th JDC suit involved the same December, 1998 accident, set forth identical allegations, and named the exact same defendants as the preceding suits. A Peremptory Exception of Prescription was filed on behalf of the GNOEC and John Brock.[1] (Timothy Fondren was *61 never served with the second 24th JDC suit and therefore no appearance has ever been made by him or on his behalf.) On December 6, 2002, the Peremptory Exception of Prescription was granted in favor of Officer John Brock and the GNOEC, thereby dismissing all claims alleged against them in the second 24th JDC suit.
The matter now on appeal is strictly confined to the second 24th JDC suit and the trial court's judgment on the issue of prescription.

DISCUSSION
Plaintiffs set forth two grounds on which the district court's dismissal of the second 24th JDC suit should be reversed. According to plaintiffs, the second 24th JDC suit was timely filed either by: (1) application of the judicial doctrine of contra non valentum, which suspends the running of prescription; or (2) application of Louisiana Civil Code Article 2324(C), which provides for the interruption of prescription as to all joint tortfeasors where suit has properly been filed as to at least one of the defendants.
Purely on the face of plaintiffs' petition, the claims set forth in the second 24th JDC suit have prescribed. "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained...." Louisiana Civil Code Article 3492. The suit at issue was not filed until May 14, 2002, nearly four years from the alleged date of injury (December 30, 1998), well past the governing one-year prescriptive period.
The one-year liberative prescription period, however, may be subject to suspension under the judicially created doctrine of contra non valentum. The underlying basis for the doctrine is that "equity and justice ... demand that under certain circumstances, prescription be suspended because a plaintiff was effectually prevented from enforcing his rights for reasons external to his own will." Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211.
Louisiana jurisprudence recognizes four situations in which the doctrine of contra non valentum can be applied to suspend the running of prescription:
(1) where there was some legal cause which prevented courts or their officers from taking cognizance of or acting on plaintiff's action;
(2) where there was some condition coupled with contract or connected with proceedings which prevented creditor from suing or acting;
(3) where defendant himself has done some act effectually to prevent plaintiff from availing himself of his cause of action; and
(4) where some cause of action is not known or reasonably knowable by plaintiff, even though his ignorance is not induced by defendant.

(Id. at 211).
A plaintiff bears the burden of proving one of the foregoing situations applies in order to defeat an exception of prescription on the basis of contra non valentum. Bergeron v. Pan American Assurance Co., 98-2421 (La.App. 4 Cir. 4/7/99), 731 So.2d 1037.
On appeal in this matter, plaintiffs argue that the record demonstrates that either the third or fourth category of contranon *62 valentum (also known as the "discovery rule") applied to suspend the running of prescription, and that the second 24th JDC suit was timely filed.
Specifically, plaintiffs contend that they were unaware of potential causes of action against Officer Brock and the GNOEC until July 25, 2001, at which time a deposition was taken of Sergeant Mike Viola, the ranking supervisor with the GNOEC on the day of the accident. Sgt. Viola's testimony mainly concerned an incident report prepared by defendant, Officer Brock, soon after the accident. In particular, Sgt. Viola testified that the incident report erroneously indicated that Kreider was operating an "emergency" vehicle on the day of the accident, which permitted him access to the restricted lane of travel on the causeway bridge. According to Sgt. Viola, GNOEC policies and procedures dictate that only "police vehicles" are allowed to operate in the left lane when traffic is restricted to the right lane. Sgt. Viola further stated that a privately owned vehicle, even when equipped with a blue "pancake" flashing police light, does not constitute a "police vehicle" and should not be allowed to operate in a restricted lane of traffic.
Plaintiffs maintain that Sgt. Viola's deposition testimony was the first indication of additional causes of action, including (1) Officer Brock's failure to follow proper policies and procedures in permitting Kreider to operate a private vehicle in the restricted lane of travel and (2) the GNOEC's failure to clearly promulgate policies and procedures to its employees and general public. Therefore, plaintiffs assert prescription was suspended until Sgt. Viola's deposition was taken and that the second 24th JDC suit was timely filed against defendants within a month of the deposition.
Officer Brock and the GNOEC, on the other hand, argue that the trial court in this matter correctly chose not to apply contra non valentum. Defendants maintain that the facts needed to bring forth all causes of action in this matter were readily available within the first year after the accident and that plaintiffs simply did not make an adequate effort to discover such facts in a timely manner.
Prior decisions of this court make clear that mere unawareness of a potential cause of action is not enough to invoke contra non valentum. "[A] plaintiff will be deemed to know that which he could have learned from reasonable diligence." Hospital Service Dist. No. 1 of Jefferson Parish v. Alas, 94-897 (La.App. 5 Cir. 6/28/95), 657 So.2d 1378, 1383, writ denied, 95-1959 (La.11/13/95), 662 So.2d 473. "The plaintiff must show that he did not know or discover such facts, and that the lack of knowledge is not attributable to his fault." Drake v. Sarpy Properties, Inc., 01-1323 (La.App. 5 Cir. 4/10/02), 817 So.2d 209, writ denied, 02-1339 (La.9/13/02), 824 So.2d 1170.
Our decision in Drake is particularly relevant to this matter. In Drake, this Court determined that reliance on misinformation, standing alone, does not satisfy the reasonable diligence requirement. In Drake, the plaintiff had sued the wrong property owner in a personal injury case based in part on erroneous information received over the telephone from the local assessor's office as to the property owner's true identity. Although plaintiff had been supplied erroneous information, we found that the true identity of the defendant could have been obtained through reasonable diligence, as the information was readily available and verifiable.
As was the case in Drake, we find that plaintiffs in this case failed to use reasonable diligence in pursuing possible claims *63 against Officer Brock and the GNOEC. Nothing in the record suggests that plaintiffs were unduly prevented from obtaining and verifying information as to the GNOEC policies and procedures. Nothing in the record suggests that plaintiffs prevented from investigating whether Officer John Brock had violated said policies and procedures in permitting an off duty police officer to drive a privately owned vehicle in the restricted lane of travel.
The deposition of Sgt. Mike Viola in and of itself proves how readily available information was in this matter to confirm and verify the accuracy of the incident report prepared by Officer Brock. Sgt. Viola could have been deposed at any time prior to the running of prescription and plaintiffs do not provide any reasonable explanation as to why it was not done sooner.[2] Not only did plaintiffs fail to timely depose Sgt. Viola, the record indicates that the deposition was actually initiated at the request of one of the defendants, Allstate Insurance Company.
Furthermore, plaintiffs cannot rely on Sgt. Viola's deposition testimony to excuse their failure to assert their claims of abuse of process and malicious prosecution. All the facts necessary to bring these particular claims were available and known to the plaintiffs on the date of the accident or shortly thereafter. Sgt. Viola's deposition testimony adds nothing relevant or new to these claims. Plaintiffs offer no reasonable explanation for the nearly four-year delay in bringing the abuse of process and malicious prosecution claims.
In the absence of reasonable diligence on the part of plaintiffs to explore and bring forth all claims within the prescriptive period, we hold that the trial court was correct in refraining to apply the doctrine of contra non valentum to suspend prescription.
Plaintiffs also argue that the trial court failed to apply the rule that "[i]nterruption of prescription against one joint tortfeasor is effective against all other joint tortfeasors." LA. C.C. Art. 2324(C). Interruption, like suspension, stops the running of a prescriptive period until the interruption is removed. Moreover, interruption of prescription also resets the commencement of the prescriptive period to the last date of interruption. With regard to actions in tort, interruption generally occurs with the filing of a suit in a court of competent jurisdiction and venue and an action remains interrupted while the suit is pending. See LA. C.C. Arts. 3462 and 3463.
It is uncontested that the CDC suit which was brought against the original defendants satisfied proper jurisdictional and venue requirements. (Any objections to venue and jurisdiction were apparently waived by the original defendants upon their filing answers in response to the CDC suit.) Plaintiffs contend, therefore, that because interruption timely occurred as to the original defendants, La. Civil Code Art. 2324(C) dictates that interruption of prescription also timely occurred with respect to Officer Brock and the GNOEC as alleged joint tortfeasors. Plaintiffs reason that the interruption of prescription has remained in effect against *64 all defendants throughout the pending litigation of the CDC suit and that the second 24th JDC suit was timely filed in light thereof.[3]
However, Officer Brock and the GNOEC argue that the CDC suit was filed in the wrong venue with respect to them such that LA. C.C. Art. 2324(C) is not applicable.
La. R.S. 13:5104 provides in pertinent part as follows:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
It is based on the foregoing statute that the CDC suit was subsequently transferred to the Twenty-Fourth Judicial District Court in Jefferson Parish after the petition had been amended to include the GNOEC and Officer Brock. (Jefferson Parish is where the accident occurred and where the GNOEC is located.)
Given the improper venue with respect to the GNOEC and Officer Brock, defendants argue that La. Civil Code Art. 3462[4], and not Art. 2324(C), applies to this case. Defendants maintain that since Officer Brock and the GNOEC were not served within the first year of the accident, interruption never occurred and all claims brought against them in the second 24th JDC suit have prescribed.
The issue before us is a very narrow one in light of the very unusual procedural circumstances which have developed in this litigation. At issue herein is whether the interruption of prescription as to joint tortfeasors, as contemplated under La. Civil Code Article 2324(C), is applicable where venue is improper as to one or more joint tortfeasors. Neither side to these proceedings has been able to offer any jurisprudential authority directly bearing on this issue. The Court notes that the occurrence of such an issue seems rather rare given that proper venue as to one joint tortfeasor is usually considered proper venue as to all other joint tortfeasors in most suits.[5]
To the extent that the unique circumstances of this case expose a conflict between La. Civil Code Articles 2324(C) and 3462, we hold that Article 3462 ultimately controls. "Where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail." Guitreau v. Kucharchuk, M.D., 99-2570 (La.5/16/00), 763 So.2d 575, 579. Of the two provisions, the language of La. Civil Code Article 3462 directly addresses *65 the issue of prescription with respect to suits filed in the wrong venue.
When an action is not filed in the correct venue, LA-C.C. Art. 3462 clearly states that interruption only occurs as to those defendants served within the prescriptive period. Neither the second 24th JDC suit nor the CDC suit was timely served on Officer Brock and the GNOEC within one year from the automobile accident that occurred on December 30, 1998. Accordingly, interruption never occurred as to these defendants and the claims set forth against them in the second 24th JDC suit had prescribed as of December 30, 1999.
To hold otherwise would allow the continuation of a lawsuit against defendants who were never properly notified as to the claims alleged against them until almost four years after the alleged date of injury. (And, as previously discussed, it was the plaintiffs' own failure to use reasonable diligence that directly led to this four-year delay.) "A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof." Findley v. City of Baton Rouge, 570 So.2d 1168, 1170 (La.1990). The risk of prejudice to Officer Brock and the GNOEC in confronting claims well over a year old is exactly what the laws on prescription are designed to protect against.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be borne by appellants.
AFFIRMED.
NOTES
[1] For whatever reason, none of the defendants ever filed a Declinatory Exception of Lis Pendens. Such an exception may be urged when two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence between the same parties in the same capacities. Pursuant to Article 531 of the Louisiana Civil Code of Procedure, all but the first suit may be dismissed if the Exception of Lis Pendens is sustained.
[2] The Court also notes that the record shows that no deposition was taken of Kreider, the other driver involved in the accident, until October 7, 1999 (almost two years after the accident). Kreider's deposition, however, provided plaintiffs with further evidence pertaining to the possible inaccuracies contained in the incident report prepared by Officer Brock. Kreider admitted that on the day of the accident he was in a privately owned vehicle and traveling across the causeway bridge on a purely personal errand not related to his police duties. Despite this additional information, plaintiffs still took no action to pursue claims against Officer Brock and the GNOEC for nearly three more years.
[3] Plaintiffs do not raise the argument that the filing of the first 24th JDC suit, which was later ruled to be abandoned, also served to interrupt prescription as to all joint tortfeasors. "Interruption of prescription is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at trial." LA. C.C. Art. 3463.
[4] "If an action is commenced in an incompetent court, or an in improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." LA. C.C. Art. 3462.
[5] "An action against joint or solidary obligors may be brought in a parish of proper venue... as to any obligor who is made a defendant..." Article 73 of the Louisiana Civil Code of Procedure.