940 So.2d 26 (2006)
Marie FUSELIER and George Fuselier
v.
The KANSAS CITY SOUTHERN RAILWAY COMPANY, the State of Louisiana, Department of Transportation and Development and St. John the Baptist Parish.
No. 06-CA-118.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 2006.
*27 Peter S. Koeppel, Laurence E. Best, Attorneys at Law, New Orleans, LA, for Plaintiff/Appellant.
Richard L. Edrington, Attorney at Law, Laplace, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
CLARENCE E. McMANUS, Judge.
Plaintiffs, Marie Fuselier et al, appeal from a decision of the trial court granting exceptions of prescription filed by St. John the Baptist Parish. For the reasons that follow, we affirm the decision of the trial court.
On or about October 28, 2003, Marie Fuselier was driving her truck when she was hit by an oncoming train owned by Kansas City Southern Railway Company ("the Railway"). Suit was originally filed against the Railway only, in the United States District Court. While that federal suit was pending, the plaintiffs filed the instant suit in the 40th Judicial District for the Parish of St. John the Baptist on March 8, 2005. Named as defendants were the Railway, the State of Louisiana through the Department of Transportation and Development, and St. John the Baptist Parish (the Parish).[1] On April 14, 2005, plaintiffs voluntarily dismissed the lawsuit in federal court.
Thereafter, the Parish filed an exception of prescription, alleging that the instant suit was filed more than one year after the accident at issue and was therefore barred by liberative prescription. The trial court rendered judgment granting the exception of prescription, and plaintiffs appealed.
"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run form the day injury or damage is sustained . . ." LSA-C.C. art. 3492. This suit was filed in March of 2005, almost eighteen months from the alleged date of injury in October of 2003. Therefore, on the face of the petition, this suit has prescribed.
Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. LSA-C.C. art. 2324(C). Plaintiffs argue that the timely filing of their federal lawsuit, naming only the Railway as a defendant, interrupted the running of prescription against the Parish, as a joint tortfeasor.
The Parish disagrees, citing LSA-C.C. art. 3462, which provides that "Prescription is interrupted when the . . . obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." The Parish contends that the United States District Court is not a court of competent jurisdiction and venue. The plaintiff is a citizen of the State of Louisiana and St. John the Baptist Parish is a political entity of the State of Louisiana. Thus, there is no diversity of citizenship. Also, the petition does not allege any violation of either the United States Constitution or a federal statute. Furthermore, LSA-R.S. 13:5104 mandates that a governmental entity is to be sued in the parish of the occurrence or where the entity is located. Therefore, argues the Parish, the federal suit was filed in an incompetent court and failed to interrupt prescription.
*28 The issue before us is whether the filing of suit against one joint tortfeasor interrupts prescription against another joint tortfeasor, pursuant to C.C. art. 2324(C), where jurisdiction and venue are improper as to the other joint tortfeasor. This court has considered this issue and found that prescription is not interrupted. In Bell v. Kreider, 03-300, (La.App. 5 Cir. 9/16/03), 858 So.2d 58, writ denied, 03-2875 (La.1/9/04), 862 So.2d 986, plaintiffs were involved in a car accident on the Greater New Orleans Expressway, commonly known as the Causeway. Plaintiffs filed suit in both the 24th Judicial District Court and Civil District Court for the Parish of Orleans against several defendants.[2] More than one year after the accident in question, the plaintiffs amended the petition to add as defendants the Greater New Orleans Expressway Commission and one of its employee police officers (GNOEC). Plaintiffs also filed a second suit in the 24th Judicial District Court. Defendants filed an exception of prescription, contending that they were never served within this first year of the accident, that prescription was never interrupted by the filing of suit in Civil District Court, and that all claims brought in the 24th Judicial District Court had prescribed.
On appeal, this Court found C.C. art. 3462 controls:
To the extent that the unique circumstances of this case expose a conflict between La. Civil Code Articles 2324(C) and 3462, we hold that Article 3462 ultimately controls. "Where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail." Guitreau v. Kucharchuk, M.D., 99-2570 (La.5/16/00), 763 So.2d 575, 579. Of the two provisions, the language of La. Civil Code Article 3462 directly addresses the issue of prescription with respect to suits filed in the wrong venue.
* * *
To hold otherwise would allow the continuation of a lawsuit against defendants who were never properly notified as to the claims alleged against them until almost four years after the alleged date of injury. (And, as previously discussed, it was the plaintiffs' own failure to use reasonable diligence that directly led to this four-year delay.) "A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof." Findley v. City of Baton Rouge, 570 So.2d 1168, 1170 (La.1990). The risk of prejudice to Officer Brock and the GNOEC in confronting claims well over a year old is exactly what the laws on prescription are designed to protect against.
At page 64-65.
In this case, St. John the Baptist was not a party in the suit filed in federal court, and was not sued in the 40th Judicial District Court until after the prescriptive period had run. Accordingly, its exception of prescription was well founded and the trial court did not err in dismissing plaintiffs' claims against it.
Plaintiffs cite the case of Bradley v. Mike Rougee Corporation, 95-967, (La. App. 5 Cir. 6/25/96), 676 So.2d 1111, writ denied 96-1915 (La.11/1/96), 681 So.2d 1262, for its argument that prescription was interrupted by the federal court suit. *29 We have reviewed that case and find it distinguishable from the instant proceedings in several respects.
For the foregoing, the judgment of the trial court is affirmed. All costs are to be borne by appellants.
AFFIRMED.
NOTES
[1] On August 2, 2005 Kansas City Southern Railway Company was dismissed from the suit.
[2] The suit filed in the 24th JDC was dismissed as abandoned (and therefore did not serve to interrupt prescription, LSA-C.C. art. 3463).