973 So.2d 75 (2007)
Skye D. WIMBERLY
v.
Rene J. BROWN, Zeta Home Health Care, Inc., Pacific Employers Insurance Company and State Farm Mutual Automobile Insurance Co.
No. 07-CA-559.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
*76 Gregory P. Di Leo, Jennifer B. Eagan, Attorneys at Law, New Orleans, LA, for Plaintiff/Appellant.
Brent M. Maggio, Attorney at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is an appeal from a judgment of the trial court maintaining the exception of prescription filed by defendant Rene Brown and dismissing plaintiffs petition against him with prejudice. For the reasons stated more fully herein, we reverse the trial court's ruling and remand the matter for further proceedings.
Facts and Procedural History
Plaintiff, Skye D. Wimberly, was injured in a rear end collision in Jefferson Parish on December 3, 2002 after being struck by a vehicle operated by Rene J. Brown. At the time of the accident, Brown was employed by Zeta Home Health Care, Inc. and was insured by Pacific Employers Insurance Company.
On October 22, 2003, plaintiff, an Orleans Parish resident, filed the present lawsuit against Brown, a resident of Reserve, Louisiana, and against Zeta Home Health and its insurer, both corporations domiciled in Jefferson Varish. Plaintiff also alleged that damages would exceed the coverage under defendant's policy, and named as additional defendant State Farm Mutual Automobile Insurance Company, plaintiffs uninsured/underinsured motorist carrier, a foreign insurer doing business in Orleans Parish. This suit was filed in Orleans Parish. Plaintiff obtained personal service on October 30, 2003 on all defendants except defendant Rene Brown. Rene Brown was eventually served by special process server on October 26, 2004.
In response to plaintiffs petition, Zeta Home Health and its insurer filed an exception of improper venue and an answer generally denying the allegations of plaintiffs petition. The basis for the exception of improper venue was that plaintiff filed the suit against her UM carrier, State Farm, for the sole purpose of establishing venue in Orleans Parish where none of the remaining defendants were domiciled in Orleans Parish and the accident occurred in Jefferson Parish. In support of the exception, defendants attached a copy of *77 the Pacific Employers Insurance Company policy and a copy of plaintiff's deposition regarding the amount of damages she sustained indicating that coverage under the Pacific policy was greater than the anticipated recovery. Plaintiff responded that she was not in bad faith in naming State Farm as a defendant when she had no knowledge of the tortfeasor's policy limits at the time she filed her lawsuit.
The trial court maintained defendants' exception of improper venue on the basis that defendants indicated a policy limit of $1,000,000.00 which is in excess of any anticipated judgment, and the suit was transferred to the 24th Judicial District Court for the Parish of Jefferson.[1]
After the suit was transferred, defendant Rene Brown brought this exception of prescription arguing that because he was not sued in a court of competent venue nor was he served within one year of the date of injury, plaintiff's claims against him prescribed pursuant to the provisions of La. C.C. art. 3462. In support of his argument, Brown cited two Fifth Circuit cases, Bell v. Kreider, 03-300 (La.App. 5 Cir. 9/16/03), 858 So.2d 58 and Fuselier v. Kansas City Southern Ry. Co., 06-118 (La. App. 5 Cir. 8/29/06), 940 So.2d 26. Plaintiff opposed the exception, arguing that prescription was interrupted by the timely service of her petition on co-defendants and solidary obligors, pursuant to La. C.C. art. 3503. The trial court was persuaded by the holdings in Bell and Fuselier and therefore granted Brown's exception of prescription, dismissing plaintiff's claims against him with prejudice. This appeal follows.
Analysis
Delictual actions are subject to a liberative prescriptive of one year, which commences to run from the day injury or damages is sustained. La. C.C. art. 3492. Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 04-620, p. 9 (La.1/20/05), 891 So.2d 1268, 1275. Prescription is interrupted when the obligor commences an action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. However, if an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. Id.
Additionally, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." La.Civ. Code art. 3503. Further, "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." La.Civ.Code art. 1799. The Louisiana Supreme Court has determined that an employee and his employer are solidarily liable for acts within the course and scope of employment. Foster v. Hampton, 381 So.2d 789, 791 (La. 1980); Sampay v. Morton Salt Co., 395 So.2d 326, 327 (La.1981).
In Foster v. Hampton, the Supreme Court stated as follows:
When a servant's actions during his employment create an unreasonable risk of harm to another, any resulting liability is solidary with that of his master. *78 The injured party has only one cause of action against both, and suit against either the employer or the employee will interrupt prescription as to the other.
Further, an insurer is solidarily liable with its insured. Etienne v. National Auto. Ins. Co., 99-2610, p. 7 (La.4/25/00), 759 So.2d 51,56.
In the present case, plaintiff sued the tortfeasor, Rene Brown, Brown's employer, Zeta Home Health, and their insurance company within the one year prescriptive period. The suit was served on Zeta Home Health and Pacific Employers during this period; however, service was not made on Rene J. Brown until 10 months after prescription had run. Upon defendants' exception, the trial court determined that the suit was filed in a court of improper venue and transferred the case to district court in Jefferson Parish.
Relying on the provisions of La. C.C. art. 3462, Brown urged an exception of prescription on the basis that the suit filed in a court of improper venue was not served on him within the one year prescriptive period. The trial court granted the exception and dismissed Brown with prejudice. The issue presented by this appeal is whether the suit timely filed against Zeta Home Health and its insurer in a court of incompetent venue interrupted prescription as to Brown, a solidary obligor.
There is no dispute in the present case that there is a solidary relationship between the defendants. Both La. C.C. art. 3503 and C.C. art. 1799 provide that the interruption of prescription against one solidary obligor is effective against all solidary obligors. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written, and no further interpretation may be made in search of legislative intent. See La. Civ.Code art. 9; La. Rev.Stat. 1:4.
While defendants argue that these statutes conflict and are ambiguous, we disagree. Pursuant to general rules of statutory construction, "where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." City of Pineville v. American Federation of State, County, and Mun. Employees, AFL-CIO, Local 3352, 00-1983, p. 4 (La.6/29/01), 791 So.2d 609, 612; LeBreton v. Rabito, 97-2221, p. 7 (La.7/8/98), 714 So.2d 1226,1229.
Under the circumstances presented here, we fail to find a conflict between the provisions of La.C.C. arts. 3503 and 1799 and La. C.C. art. 3462. Based on the facts of this particular case, we find that the timely filing of a suit in a court of improper venue interrupts prescription as to the defendant or his solidary obligors served by process within the prescriptive period. Thus, the timely filing and service on Zeta Home Health and Pacific Employers interrupted prescription as to the service on solidary obligor Rene J. Brown. As such, prescription remained interrupted while this suit was pending, and service of the petition on defendant Brown occurred within the prescriptive period.
The trial judge relied on two Fifth Circuit cases which it found were dispositive to the issue regarding an interruption of prescription. After a review of the cited cases, we find that the previous holdings are distinguishable from the facts of the present case.[2]
*79 In Bell v. Kreider, 03-300 (La.App. 5 Cir. 9/16/03), 858 So.2d 58, plaintiff was involved in an accident, on the Causeway Bridge and filed suit against the tortfeasor in Orleans Parish. Four years later, plaintiff attempted to add as defendants the Greater New Orleans Expressway Commission, its executive director and the investigating officer, arguing that prescription as to these joint tortfeasors had been interrupted by the timely filed suit pursuant to La. C.C. art. 2324(C)[3] and the case was transferred to Jefferson Parish, pursuant to La. R.S. 13:5104.[4] The trial court granted defendants' subsequent exception of prescription and a panel of this Court affirmed the trial court's ruling, rejecting plaintiffs claims of contra non valentem, The Court also relied on La. C.C. art, 3462, and concluded that since the action was not originally filed in a court of proper venue as to GNOEC and the officer, prescription was not interrupted as to those defendants who were not served within the one year prescriptive period. Id., at 10-11,858 So.2d at 64-65.
This case is factually distinguishable from the present case in several respects. First, the original suit satisfied proper jurisdictional and venue requirements, although the provisions of La. R.S. 13:5104 required suit against GNOEC and the officer, to be filed in Jefferson Parish. Further, plaintiff amended the original suit to name additional defendants four years after the injury was sustained. Also, there were no allegations of solidary liability in Bell. The court in Bell specifically stated that to the extent that the unique circumstances of that case exposed a conflict between La. Civil Code Articles 2324(C) and 3462, Article 3462 ultimately controls.
In the present case, the original petition specifically named Brown as a defendant, and the petition made factual allegations indicating Brown's solidary liability with his employer. Although the suit was subsequently determined to be filed in a court of incompetent venue, plaintiff obtained service on Brown's employer and the insurer within the prescriptive period and obtained service on Brown ten months later. There were no issues raised in this case regarding contra non valentem, and La. R.S. 13:5104 is inapplicable in the present case as there is no political subdivision involved.
The holding in Bell was followed in Fuselier v. Kansas City Southern By. Co., 06-118 (La.App. 5 Cir. 8/29/06), 940 So.2d 26, wherein plaintiff timely filed a suit in federal court against the railroad company after her truck was hit by a train. Plaintiff *80 subsequently filed another suit in state district court against the railroad, the State of Louisiana and St. John the Baptist Parish. The Parish responded with an exception of prescription. The trial court rejected plaintiffs argument that the filing of the federal suit against the railroad interrupted prescription as to the suit against the Parish pursuant to La. C.C. art. 2324(C) and art. 3462. In that case, the court cited the language from the Bell case regarding a conflict between the two statutes, and concluded that since the Parish was not a party to the federal court suit and was not sued in the proper venue until after the prescriptive period had run, the exception of prescription was well founded. Id, at 4-5, 940 So.2d at 28.
Unlike the facts in Fuselier, Rene J. Brown was named as a defendant in the original suit. Further, allegations in the petition indicate a solidary relationship between the named defendants. We therefore find the holding of Fuselier to be distinguishable from the facts of the present case.
Conclusion
Accordingly, for the reasons assigned herein, we conclude that the trial court erred in maintaining defendant's exception of prescription. The ruling of the trial court is therefore reversed and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff sought supervisory writ of this ruling to the Fourth Circuit Court of Appeal. On May 26, 2005, a panel of that Court reversed the trial court's ruling and found venue to be proper in Orleans Parish. However, the Louisiana Supreme Court granted writs in this matter, and reinstated the trial court's ruling on the exception of venue, holding that the trial court's implicit finding that plaintiff was in bad faith in naming her UM carrier was not clearly wrong.
[2] We have also found a case out of this circuit which is close to this case factually, but nevertheless is distinguishable. In Brondum v. Fritts, 07-24 (La.App. 5 Cir. 5/29/07), 961 So.2d 513, plaintiff timely filed a suit as a result of an automobile accident against the tortfeasor, her employer and their insurer, The suit was filed in a court of improper venue and the only defendant served within the prescriptive period was the insurer. The trial court granted the remaining defendants' exception of prescription, and a panel of this court affirmed relying on La. C.C.art. 2324(c) and La. C.C. art. 3462. However, unlike the present case, the employer was not served within the prescriptive period, and there was no discussion of the solidary relationship between employee and employer. We therefore find that this case is not controlling on our resolution of the present matter.
[3] La. C.C. art. 2324(C) provides: C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
[4] La. R.S. 13:5104 provides in pertinent part as follows:

All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.