Judge Edwin A. Lombard
The Appellant, Lillie Love, seeks review of the June 27, 2017 judgment of the district court denying her motion for new trial and upholding its grant of the exception of prescription of the Appellees, Blaine Kern Artists, Inc., and Barry Daigle, on January 31, 2017. Pursuant to our de novo review, we find that the district court did not err in granting the exception of prescription of the Appellees. Furthermore, we do not find that the district court abused its discretion in denying the motion for new trial of Ms. Love; thus, we affirm.
Facts and Procedural History
The instant appeal arises out of a personal injury suit filed by Ms. Love wherein she asserted that she was injured as a spectator at the parade of the Gentilly Carnival Club, Inc., d/b/a Krewe of Endymion ("Endymion") on February 9, 2013. She alleges that her injuries were caused by a float driver who hit metal barricades in front of her as she stood at the corner of Canal St. and Carrollton Ave. in New Orleans.
In February 2014, Ms. Love timely filed suit against Endymion, and its commercial general liability (CGL) insurer, Certain Underwriters at Lloyd's, London ("Underwriters") as well as John Doe, the unknown driver of the super-float that struck the barricades. She raised claims against these defendants for negligence and gross negligence in her petition.
During the pre-trial discovery process, Endymion identified Blaine Kern Artists, Inc. ("BKA") and Barry Daigle as the proper parties to pursue. On September 30, 2015, Ms. Love filed a First Supplemental and Amending Petition for Damages substituting Barry Daigle as the driver *1123 of the super-float in place of John Doe and added his employer, BKA, as a defendant. Ms. Love further asserted claims of joint and concurrent negligence against Endymion, BKA and Barry Daigle.
In December 2015, Endymion filed a motion for summary judgment asserting that Ms. Love could not meet her burden of proof under La. Rev. Stat. § 9:2796(A). The motion, which was unopposed, was granted by the district court. A judgment was rendered on March 16, 2016, and Ms. Love's claims against Endymion were thereby dismissed with prejudice. Underwriters, however, was not dismissed from the lawsuit.
Thereafter, BKA and Barry Daigle (collectively referred to herein as "the Appellees") filed an exception of prescription asserting that Ms. Love's suit against them prescribed because they were not added as defendants until more than one year after the alleged accident; and thereafter, the original, timely sued defendants were dismissed from the suit such that no joint or solidary obligation existed at the time their exception was filed. Following a hearing, the district court issued a judgment on January 31, 2017, granting the Appellees' exception of prescription and dismissing Ms. Love's claims with prejudice. In its Reasons for Judgment, the district court explained that it took the matter under advisement in order to determine whether there was evidence in the record to support Ms. Love's assertion that Underwriters insured both Endymion and BKA. The district court held that no such evidence existed; thus, it explained that there was no "identity of interest" between Underwriters, Endymion and BKA, as Ms. Love had asserted. She later filed a motion for new trial from this judgment, which was also denied.
This timely appeal followed. The sole assignment of error raised by Ms. Love is that the district court erred in granting the Appellees' exception of prescription by considering the concept of relation back under La. Code Civ. Proc. art. 1153, once she established that a joint tortfeasor had been timely sued.
Standard of Review
Generally, when prescription is raised by exception, the district court's findings of fact on the issue of prescription are subject to the manifest error standard of review. Halliburton Energy Servs., Inc. v. Bossier Par. Bd. of Review , 50,734, 50,735, pp. 2-3 (La.App. 2 Cir. 8/10/16), 200 So.3d 385, 386. The relevant issue in a manifest error inquiry is not whether the finder of fact was right or wrong, but whether its decision was a reasonable one. Rosell v. ESCO , 549 So.2d 840, 844 (La.1989). However, when an exception of prescription raises a legal question, the judgment granting the peremptory exception is reviewed de novo . See Albe v. City of New Orleans , 14-0186, p. 6 (La.App. 4 Cir. 9/17/14), 150 So.3d 361, 366 (citing Metairie III v. Poche' Const., Inc. , 10-0353, p. 3 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, 449 ). Considering that Ms. Love's assignment of error raises a question of law, we will apply a de novo standard of review.
Exception of Prescription
Ms. Love asserts on appeal that as a result of timely filing suit against Endymion, there was no need for the district court to determine whether prescription was interrupted by service of process on the Appellees within the prescriptive period. She contends that prescription was interrupted by commencement of her suit in a court of proper jurisdiction and venue. Moreover, she avers that the district court erred in considering the "concept of relation back under La. C.C.P. art. 1153 in reaching its decision" because she established that Endymion, a joint tortfeasor, was timely sued that it was unnecessary *1124 for the district court to consider the concept of relating back. She contends that the district court was persuaded by the Appellees' erroneous argument that a joint or solidary obligation no longer existed as a result of the Appellees being served after the prescriptive period and the dismissal of the Endymion from the lawsuit. Relying upon La. Civ. Code articles 1799, 2324(C) and 3503 as well as Wimberly v. Brown , 07-0559, p. 8 (La.App. 5 Cir. 11/27/07), 973 So.2d 75, 77-80, Ms. Love asserts that her claims against the Appellees did not prescribe.
Ms. Love's personal injury is a delictual action that is subject to a one year libertive prescriptive period. See La. Civ. Code art. 3492. An exception of prescription is a peremptory exception, which may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision. La. Code Civ. Proc. arts. 927 and 928 (B). In the instant matter, it is undisputed that the claims against the Appellees raised in Ms. Love's First Supplemental and Amending Petition were filed more than a year after her accident occurred, and that Endymion was still a defendant at that time.
Furthermore, the parties do not dispute that the Louisiana Civil Code provides for prescription to be interrupted when there is a solidary relationship between the defendants. "When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." La. Civ. Code art. 3503. "The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." La. Civ. Code art. 1799. Additionally, La. Civ. Code art. 2324, entitled Liability as solidary or joint and divisible obligation , provides:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.
C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
The district court's January 31, 2017 Reasons for Judgment reflect that it was Ms. Love who argued that her First Supplemental and Amending Petition related back to her timely filed original petition under La. Code Civ. Proc. art. 1153 and Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins. , 434 So.2d 1083, 1087 (La. 1983) ; nevertheless, she could not establish that an "identity of interest" existed among Underwriters, Endymion and BKA. The district court reasoned that there was no proof in the record that Underwriters insured both BKA and Endymion, as Ms. Love had asserted at oral argument.[1]
*1125 Furthermore, in its Reasons for Judgment denying Ms. Love's motion for new trial, the district court explained that as a result of finding that Endymion was not liable for Ms. Love's injuries on summary judgment, the Appellees could not be found a joint or solidary liable with Endymion:
... In this case, plaintiff's claim against defendant and alleged joint tortfeasor, Gentilly Carnival Club, Inc. d/b/a Krewe of Endymion was dismissed on a Motion for
Summary Judgment. In granting this motion, the court found that as a matter of law, this defendant had no liability for plaintiff's injuries or damages. If a defendant is found to have no liability to begin with, then it cannot have any joint or solidary liability with other defendants. [See Renfroe v. State , 809 So.2d 947 [La. 2/26/02) ; Spott v. Otis Elevator Co. , 601 So.2d 1355 [La. 1992) ; and Hines v. Browing [Browning]-Ferris. Inc. , 73 So.3d 479 [La.App. 2 Cir. 9/21/11), writ denied , 76 So.3d 1180 [La. 12/2/11).] As no joint or solidary liability exists, plaintiff's claims against Blaine Kern Artists, Inc. and Barry Daigle are prescribed and plaintiff's Motion for New Trial is denied.[2]
On appeal, Ms. Love does not address Renfroe , Spott or Hines, upon which the district court relied in explaining why the Appellees could not be found jointly or solidarily liable with Endymion. Furthermore, we find that Wimberly is distinguishable from the facts of this matter.
In Wimberly , the plaintiff in a personal injury case sought review of the district court's grant of a defendant's exception of prescription. The plaintiff timely filed suit against the defendant, the defendant's employer, and the employer's insurer. The basis of the defendant's exception of prescription was that the plaintiff filed suit in a "court of improper venue" and that he was not served within the one year prescriptive period. All other defendants had been timely served. Also, by the time the defendant was served, an exception of improper venue had been granted resulting in the case being transferred to Jefferson Parish. Wimberly , pp. 2-4, 973 So.2d at 76-77.
On appeal, the Fifth Circuit addressed the issue of whether a suit timely filed against an alleged solidary obligor and its insurer "in a court of incompetent venue interrupted prescription" as to the defendant. Id. , p. 6, 973 So.2d at 78. The court held that prescription was interrupted and reversed the judgment of the district court reasoning:
that the timely filing of a suit in a court of improper venue interrupts prescription as to the defendant or his solidary obligors served by process within the prescriptive period. Thus, the timely filing and service on Zeta Home Health and Pacific Employers interrupted prescription as to the service on solidary obligor Rene J. Brown. As such, prescription remained interrupted while this suit was pending, and service of the petition on defendant Brown occurred within the prescriptive period.[3]
Id. , pp. 6-7, 973 So.2d at 78.
In comparing the facts and procedural history of this matter to Wimberly , we find *1126 that Ms. Love's reliance upon Wimberly is misplaced. In the matter sub judice , Ms. Love timely served Endymion and Underwriters. After the prescriptive period lapsed, she filed a First Supplemental and Amending Petition for Damages adding the Appellees as defendants after the prescriptive period had elapsed. Ms. Love's claims against Endymion were subsequently dismissed on summary judgment prior to the Appellees filing their exception of prescription. Thus, Endymion was no longer a potential joint or solidary obligor when the Appellee's exception was filed. These facts differentiate this matter from Wimberly where all of the alleged joint tortfeasors were still defendants when the exception of prescription was filed.
Louisiana jurisprudence supports a district court's grant of an exception of prescription when a timely sued alleged joint and/or solidary tortfeasor has been dismissed from a suit and there is a finding that prescription was not interrupted as to the remaining alleged joint and/or solidary tortfeasor who was untimely sued. Russ M. Herman, 1 La. Prac. Pers. Inj. § 7:54 (updated Nov. 2017) (citing Renfroe , p. 4, 809 So.2d at 950 ); Morris v. Westside Transit Line , 02-1029, pp. 4-5 (La.App. 5 Cir. 2/25/03), 841 So.2d 920, 924-925 ) ). The Louisiana Supreme Court has clarified that it is possible for a case to retroactively prescribe under the aforementioned circumstances where a "timely sued defendant is ultimately found not liable to plaintiffs, the suit against the untimely sued defendants will then be dismissed, because no joint or solidary obligation would exist." Sims v. Am. Ins. Co. , 12-0204, pp. 6-7 (La. 10/16/12), 101 So.3d 1, 6. Interruption of prescription under these circumstances "is not endless; it lasts only so long as the claim against" a joint or solidary tortfeasor remains pending. Haynes v. Parker , 13-CV-00818, 2015 WL 1258112, at *5, n. 12 (M.D. La. Mar. 17, 2015) (citing La. Civ. Code arts. 1799 and 3503 ; Etienne v. National Auto. Ins. Co., 99-2601 (La. 4/25/00), 759 So.2d 51, 56 ; Kinchen v. Metropolitan Property & Cas. Ins. Co., 04-1894 (La.App. 1 Cir. 9/23/05), 923 So.2d 678, 680 ).
Considering that Endymion had been dismissed from the lawsuit and that, as previously stated, Ms. Love could not establish that Underwriters insured both Endymion and BKA, we find that the district court did not err in granting the exception of prescription.[4] Ms. Love's assignment of error is without merit.
Lastly, Ms. Love does not address on appeal how the district court allegedly abused its discretion in denying her motion for new trial and thereby, upheld its grant of the Appellees' exception of prescription. Pitts v. Louisiana Med. Mut. Ins. Co. , 16-1232, p. 10 (La. 3/15/17), 218 So.3d 58, 66, reh'g denied (5/1/17) (citations omitted). Finding that the district court did not abuse its discretion, we affirm the district court's denial of Ms. Love's motion for new trial for the reasons discussed above.
DECREE
For the foregoing reasons, we affirm the June 27, 2017 judgment of the district court denying the motion for new trial of Lillie Love and uphold the January 31, 2017 judgment of the district court granting *1127 the exception of prescription of Blaine Kern Artists, Inc., and Barry Daigle.
AFFIRMED
LOBRANO, J., CONCURS IN THE RESULTS

Underwriters was the only remaining original defendant in the lawsuit at the time the Appellees filed their exception.

Although it is a settled rule that an appeal is taken from a final judgment not from the trial court's reasons for judgment, it is not improper for an appellate court to consider the reasons for judgment in determining whether the trial court committed a legal error. Winfield v. Dih , 01-1357, p. 8 (La.App. 4 Cir. 4/24/02), 816 So.2d 942, 948 (citing Donaldson v. Universal Eng'g of Maplewood, Inc ., 606 So.2d 980, 988 (La.App. 3d Cir. 1992).

Also, the plaintiff's original petition specifically named the defendant and included factual allegations of the defendant's solidary liability with his employer.

Furthermore, the substitution of Mr. Daigle for John Doe as the driver of the super-float listed in the original petition did not interrupt prescription as to Mr. Daigle. "The use of fictitious names for unknown defendants is not sufficient to interrupt prescription." Compeaux v. Plaisance Inspection & Enterprises, Inc. , 93-1165 (La.App. 1 Cir. 6/24/94), 639 So.2d 434, 439 (citing Mitchell v. Pablovich , 578 So.2d 265 (La.App. 5th Cir. 1991) ; Bankston v. B & H Air Tools, Inc. , 486 So.2d 199 (La.App. 1st Cir. 1986) ).