Judge Roland L. Belsome
This is a medical malpractice suit. The appeal is taken from the trial court's grant of an exception of prescription. For the reasons that follow, we find this Court lacks jurisdiction. Therefore, the appeal is dismissed without prejudice and the matter is remanded.
Elaine Kirt died On September 28, 2010, after receiving medical care from the defendants. On September 23, 2011, the plaintiffs, Ms. Kirt's sons, filed a request for the formation of a medical review panel. Initially three defendants were named in that request. Additional defendants were added on October 17, 2011 and November 17, 2011. Ultimately, six defendants had been named and the plaintiffs were required to timely remit payment of $100 per defendant to the Louisiana Patient's Compensation Fund ("LPCF") in accordance with La. R.S. 40:1299.47(A)(1)(c). Plaintiffs only remitted $500 to the LPCF.
Subsequent to the medical review panel opinion, the plaintiffs filed a Petition for Damages alleging that the defendants' negligence caused Elaine Kirt's death. The original three defendants were dismissed on summary judgment motions. The remaining three defendants filed an exception of prescription challenging the inadequate payment of fees to the LPCF. The defendants also raised the issue that the claims against the later added defendants were prescribed because they had been filed more than a year after Elaine Kirt's death.
On November 15, 2017, the trial court rendered judgment granting the exception *718 of prescription. Upon this Court's review of that judgment an issue as to jurisdiction has been identified. Prior to reviewing the merits of an appeal, this Court must establish that subject matter jurisdiction exists.
Case law has interpreted the statutes on final judgments as requiring specific decretal language. When addressing this issue in Moon v. City of New Orleans , this Court explained:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." A final judgment is one that determines the merits in whole or in part and is identified as such by appropriate language. "A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." "The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness is essential to a proper judgment." "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment."[1]
The judgment in this case reads as follows: "IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's Exception of Prescription is GRANTED ." In this case there were multiple defendants that excepted on the grounds of prescription. Yet, the decretal language indicates a single defendant and provides no party names. Additionally, the judgment is silent as to the relief granted. Thus, this judgment cannot be considered a final, appealable judgment. In certain instances this Court has exercised its discretion and converted appeals of non-appealable interlocutory judgments to applications for supervisory writs if the appeal was filed within the 30-day period allowed for an application for supervisory writ.[2] A review of the record reveals that this appeal was not filed within the time delay allowed for an application for supervisory writ.[3] Accordingly, this Court is unable to invoke its supervisory jurisdiction.
The appeal is dismissed without prejudice and the matter is remanded for further proceedings.
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED

Moon v. City of New Orleans , 2015-1092, pp. 5-6 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425 (citations omitted).

In re Med. Review Panel of Williams v. EMSA Louisiana, Inc., 2015-1178, pp. 2-3 (La.App. 4 Cir. 10/21/16), 203 So.3d 419, 423 (citing Barham, Warner & Bellamy, L.L.C. v. Stategic Alliance Partners, L.L.C., 2009-1528, p. 4 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152 ).

The judgment was signed on November 15, 2017. The delay for applying for a new trial expired on November 22, 2017, and the motion for appeal was filed on January 12, 2018.