Jeffrey A. Mitchell, Hugo L. Chanez, THE COCHRAN FIRM, 3850 N. Causeway Blvd., Suite 1500, Metairie, LA 70002, COUNSEL FOR PLAINTIFFS/APPELLANTS
C. William Bradley, Jr., Benjamin J. Biller, BRADLEY MURCHISON KELLY & SHEA, LLC, 1100 Poydras Street, Suite 2700, New Orleans, LA 70163, COUNSEL FOR DEFENDANTS/APPELLEES
(Court composed of Judge Terri F. Love, Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins )
Judge Roland L. Belsome *1272 In this medical malpractice action, the trial court granted exceptions of prescription dismissing all claims against the defendants, Parish Anesthesia of Tulane, LLC ("Parish"), Pauline Taquino, CRNA ("Nurse Taquino"), and Gayle Martin, CRNA ("Nurse Martin") (collectively "Defendants"), based on the Plaintiffs' failure to comply with statutorily required filing fees under the Medical Malpractice Act ("MMA"). La. R.S. 40:1237.1 et seq. For the reasons that follow, the trial court's ruling is affirmed.
Facts and Procedural History
The medical malpractice suit arose out of medical treatment rendered by the defendants to Elaine Kirt on April 8, 2010, and Ms. Kirt's subsequent death on September 28, 2010. On September 23, 2011, Ms. Kirt's sons ("Plaintiffs") filed a request for formation of a medical review panel.[1] Initially, three defendants were named in the request.[2] In response, on October 4, 2011, the Louisiana Patient's Compensation Fund ("PCF") sent the Plaintiffs a letter acknowledging the receipt of the request and informing them that the three named defendants were qualified healthcare providers and that in accordance with La. R.S. 40:1299.47 (A)(1)(c) [now 40:1231.8(A)(1)(c) ] a filing fee of $100 per qualified defendant ($300) was due within forty-five (45) days.
Subsequently, on October 17, 2011, the Plaintiffs, through counsel, sent correspondence seeking the addition of two defendants to the original request. Those defendants were identified as "Ms. Pauline Taquino CAN; and Unidentifiable CRNA." Enclosed with that correspondence was a check in the amount of $500.00 to cover the statutory required filing fees for the four named and one unidentified defendant. Following that correspondence, the PCF sent a letter dated October 31, 2011, to acknowledge the receipt of the request for a medical review panel. The letter also stated that the request was being returned for the "[f]ailure to provide the full name of the (Unidentifiable Nurse) defendant health care [sic] provider."
Then, on November 17, 2011, Plaintiffs' counsel sent correspondence asserting that the name of the unidentified nurse was still unknown. The correspondence also requested that "Parish Anesthesia, which on information and belief employed the Unidentified CRNA" be added to the medical review panel request. The PCF responded by letter dated December 2, 2011, with an acknowledgement of the November 17, 2011 letter and identified Parish Anesthesia as a qualified healthcare provider and noted that that verification on Nurse Taquino was being obtained. By letter dated *1273 March 2, 2012, Plaintiffs' counsel identified the unidentified nurse as Gayle Martin.
On March 21, 2012, the PCF sent verification that Pauline Taquino and Gayle Martin were qualified healthcare providers. That correspondence further stated:
In accordance with LA R.S. 40:1299.47.A.(1)(c) [now 40:1231.8(A)(1)(c) ] a filing fee of $100 per qualified defendant is due within 45 days of the postmark of this notice. Please remit a payment to the Patient's Compensation Fund in the amount of $100.00. This filing fee may only be waived upon receipt of an affidavit from a physician or a district court's forma pauperis ruling as set forth in LA R.S. 40:1299.47A [now 40:1231.8(A)(1)(d) ]. Failure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted. [emphasis in original].
The next correspondence from the PCF is dated May 17, 2012. That letter informed the Plaintiffs that the outstanding $100.00 filing fee had not been received within the forty-five (45) day deadline. Therefore, the letter stated, the failure to comply with the statutory filing fee deadline rendered the case "invalid and without effect as to Gayle Martin."
The matter proceeded to a medical review panel and a petition for damages was filed in the district court. A motion for summary judgment was granted, dismissing the initial three defendants named in the request for medical review panel. Thereafter, exceptions of prescription were filed for the remaining three defendants, Nurse Taquino, Nurse Martin, and Parish. The trial court granted the exceptions and dismissed the claims against those named defendants. This appeal followed.[3]
Standard of Review
Appellate courts assess the legal correctness of an exception of prescription under a de novo standard review. See Wells Fargo Financial Louisiana, Inc. v. Galloway , 2017-0413, p. 8 (La.App. 4 Cir. 11/15/17), 231 So.3d 793, 800. However, issues of fact relating to an exception of prescription are reviewed under a manifest error standard. Love v. Certain Underwriters at Lloyd's London , 2017-0794, p. 3 (L.App. 4 Cir. 3/21/18), 241 So.3d 1121, 1123 (citing Halliburton Energy Servs., Inc. v. Bossier Par. Bd. of Review , 50,734, 50,735, pp. 2-3 (La.App. 2 Cir. 8/10/16), 200 So.3d 385, 386 ).
Discussion
On appeal, the Plaintiffs maintain that the trial court erred in granting the defendants' exceptions of prescription over the failure to pay the full filing fee required by the PCF. More specifically, the Plaintiffs contend that, as shown by the PCF's May 17, 2012 correspondence, their request for a medical review panel was perfected against all defendants except Nurse Martin and therefore, prescription was suspended in accordance with the La. R.S. 40:1231.8(A)(2)(a) of the MMA. We disagree.
Pursuant to La. R.S. 40:1231.8(A)(2)(a), a timely filed perfected request for a medical review panel suspends the one-year prescriptive period until ninety (90) days after the notification of the issuance of the medical review panel's decision.[4]
*1274 La. R.S. 1231.8(A)(1) sets forth the manner in which a claimant must submit a request for a medical review panel. Specific to the issue before this Court, the statute provides for strict deadlines associated with the mandatory filing fees. La. R.S. 1231.8(A)(1)(c). Subparagraph (c) mandates that the claimant pay a filing fee of $100 for each named defendant within forty-five (45) days of receiving confirmation of the request for review.[5] The penalty, if a claimant fails to comply with the deadline for the payment of the filing fees, is that the request for review of a malpractice claim is rendered invalid and without effect. La. R.S. 1231.8(A)(e).
The issue presented in this appeal is whether the request for a medical review panel can be perfected as to some of the named defendants, but not all, when the filing fees were not paid in full. This Court has recently addressed the same issue in Medical Review Complaint by Downing , 2018-1027 (La.App. 4 Cir. 5/8/19), 272 So.3d 55, 2019 WL 2033947. In Downing , the Downing Family named a total of ten (10) qualified healthcare providers. There was a combination of private providers and State providers that required payments to separate agencies.[6] The full filing fee owed to the PCF was $500.00, but only $300.00 was remitted timely. Then, the PCF notified the Downing Family that the untimely remittance of the remaining $200.00 rendered the request for a medical review panel invalid as to two specific providers, suggesting that the request was timely perfected as to the other three providers. Id.
On appellate review, this Court found that the statutory provisions of La. R.S. 40:1231.8 mean that a claimant's failure to pay the full filing fee invalidates the request as to all providers regardless of the PCF's correspondence indicating otherwise. Specifically, this Court held:
The jurisprudence, ..., has construed the statutory provision to mean that if a claimant fails to pay the "full filing fee" within the applicable 45-day period to the appropriate administrative agency, the entire request for review panel is invalid and without effect as to all the providers.
*1275 [In re] Rideaux , 2013 WL 811628, *2 [ (La.App. 3 Cir. 2013) ]. The PCF, ..., lacks the authority to designate the particular providers to whom a partial fee applies; rather, the PCF's duties are ministerial and clerical. See In re Elliott , 06-1440, p. 10, n. 4 (La. App. 3 Cir. 4/9/08), 980 So.2d 881, 887 (observing that "[t]he DOA and the PCF stand by analogy as the clerk of court of the judicial district").
Downing , 272 So.3d at 65, 2019 WL 2033947, **16-17.
As in this case, the amount submitted as payment to the PCF in Downing was insufficient to cover all named defendants and this Court upheld the trial court's determination that the request was invalid and without effect as to all defendants and therefore, prescription was not suspended. On this issue, we find the instant case to be factually analogous to Downing . Accordingly, the trial court's granting of the defendants' exceptions of prescription is affirmed.
AFFIRMED

The initial request was made pro se .

The original three named defendants were Dr. Rebecca Metzinger, Dr. Theodore Strickland, III, and Tulane University Hospital & Clinic.

A previous appeal was filed with this Court. However, upon determining that the judgment was insufficient to establish jurisdiction, the appeal was dismissed and the matter was remanded. Kirt v. Metzinger , 2018-0158 (La.App. 4 Cir. 9/7/18), 255 So.3d 716. On remand, the judgment was amended and this appeal was filed.

La. R.S. 40:1231.8(A)(2)(a) reads:
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration.

The statute also provides for conditions under which the filing fees may be waived. La. R.S. 1231.8(A)(d). However, those provisions are not at issue in this case.

The Downing Family had named five private healthcare providers and five State providers requiring remittance of $500.00 in filing fees to each of the respective agencies, the PCF and the Director of Administration.