BELSOME, Judge.
 

 | Appellant, William Biehl, appeals the trial court’s granting of an exception of prescription, dismissing his lawsuit against B & K Precision Corporation.
 

 Mr. Biehl, an employee of Deltone Electric, was injured while testing a circuit breaker at a plant owned by Baroid Drilling Fluids, Inc. On or about February 5, 2004, Mr. Biehl was dispatched to Baroid number Two Yard, in Lafourche Parish. As Mr. Biehl was testing the electrical system, the breaker in the system exploded, causing him to be injured.
 

 In February 2005, Mr. Biehl filed suit against Baroid and Seven-0 Electric, Inc., the company that installed the electrical system for Baroid. Mr. Biehl alleged that the pump motors were defective and improperly installed. Baroid and Seven-0 each filed a motion for summary judgment based on their experts’ findings, as stated in their affidavits, that the meter used by Mr. Biehl to test the electrical system was defective. The trial court granted the motions for summary judgment dismissing Mr. Biehl’s action against Baroid and Seven-O.
 

 | gThe meter was turned over to Mr. Biehl for testing on April 10, 2007. On February 22, 2008, he filed a lawsuit against B & K Precision Corporation (B & K), the manufacturer of the meter used at the time of the incident. Subsequently, B & K filed an exception of prescription which was granted on July 2, 2008. This appeal followed.
 

 Mr. Biehl argues that his suit against B & K was timely, because it was within one-year of his discovery that the meter was defective. Therefore, the trial court erred in granting B & K’s exception of prescription. More specifically, Mr. Biehl claims that it was not until he reviewed the affidavits from Baroid’s and Seven-O’s experts that he was aware that B <& K was a potential defendant in his case.
 

 It appears Mr. Biehl would like to rely on the doctrine of
 
 contra non valen-tem
 
 to support an exception for his claim being prescribed. However, although Mr. Biehl expresses that he could not have known that the meter was defective or that B & K was a potential defendant, he does not assert any particular circumstance that
 
 *981
 
 prevented him from discovering this information.
 

 The prescriptive period for delic-tual actions is one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished.
 
 Williams v. Lafayette Ins. Co.,
 
 98-2855 (La.App. 4 Cir. 5/19/99), 740 So.2d 183, 185. Ordinarily, the party pleading an exception of prescription bears the burden of proof.
 
 Niklaus v. Bellina,
 
 96-2411 (La.App. 4 Cir. 5/21/97), 696 So.2d 120, 122. However, where the face of the petition shows the cause of action has prescribed, the burden of proof shifts to the plaintiff to show why prescription has not run.
 
 Lima v. Schmidt,
 
 595 So.2d 624, 628 (La.1992);
 
 Niklaus, supra. State Farm Fire and Cas. Co.,
 
 2002-1811, p. 13 (La.App. 4 Cir. 6/4/03), 849 So.2d 762, 771.
 

 The doctrine of
 
 contra non valen-tem
 
 suspends prescription where the circumstances of the case fall into one of the following four categories: 1) there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; 3) the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and 4) some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
 
 Rajnowski v. St. Patrick’s Hospital,
 
 564 So.2d 671, 674 (La.1990). The fourth category, where the cause of action was not reasonably knowable to the plaintiff, best describes Mr. Biehl’s assertion.
 

 The record establishes that the meter in question was equipment owned by Mr. Biehl’s employer and used by Mr. Biehl at the time of the incident. The record is void however of any evidence indicating facts and circumstances that would have prevented Mr. Biehl from ascertaining and testing the meter. With a reasonable amount of diligence, B & K could have been discovered as a potential plaintiff, thus
 
 contra non valentem
 
 does not apply. See
 
 Renfroe v. State of Louisiana through the Dept. of Transportation and Development,
 
 01-1646 (La.02/26/02), 809 So.2d 947.
 

 Accordingly, the trial court’s granting of the exception of prescription in favor of B & K Precision Corporation is affirmed.
 

 AFFIRMED.