BROWN, Chief Judge.
 

 | defendant, Norwel Equipment Co., LP (“Norwel”), seeks review of the trial court’s judgment denying an exception of prescription, motion to strike and motion for summary judgment.
 
 [1]
 
 For the reasons set forth below, we reverse that portion of the trial court’s ruling denying the exception of prescription and render judgment
 
 *481
 
 dismissing plaintiffs’ claims against Nor-wel.
 

 Facts and Procedural History
 

 Reddin Larry Hines was involved in a work-related accident on October 24, 2007. On that date, Hines, a heavy equipment operator, was driving a 1994 Volvo A25C articulating dump truck owned by his employer, BFI Waste Systems (“BFI”) at a landfill owned by BFI. Hines lost control of the dump truck, which crashed into a sediment pond. As a result of the accident, Hines sustained serious bodily injuries, including major head trauma. Hines was interdicted due to his injuries. Hines’s wife, Lassie King Hines, individually and as curator of her husband, filed the instant civil action on October 22, 2008, naming as defendants BFI and Scott Construction Company of Louisiana (“Scott”). According to the petition, the cause of the accident was the failure of the dump truck’s braking system. Plaintiffs also alleged that the truck Hines was driving had been serviced by Scott on several occasions, and that Scott’s negligence in performing this maintenance was a cause-in-fact of the dump truck’s malfunctioning brake system. BFI filed a petition of intervention seeking indemnification from Scott for any and all workers’ compensation benefits | ⅞⅛ had paid or become obligated to pay as a result of Hines’s accident. Because workers’ compensation was the exclusive remedy against the employer, BFI, the tort claim against BFI was voluntarily dismissed on April 21, 2009.
 

 On September 22, 2009, almost two years after the accident, plaintiffs amended the petition to add Norwel as a defendant. In this amending petition, plaintiffs alleged that Norwel had performed maintenance on the dump truck about six months prior to the accident, and that the service performed, replacement of the transmission, would have required moving of the braking system’s reservoirs. They further alleged that Norwel’s failure to properly maintain the dump truck was negligence and a cause-in-fact of the truck’s braking system malfunction.
 

 During this time, Scott filed a motion for summary judgment which was denied by the trial court. An application for supervisory writs filed by Scott was granted to docket. On October 19, 2010, days before the matter was to be heard in this court, plaintiffs voluntarily dismissed their claims against Scott.
 

 Thereafter, Norwel filed a peremptory exception of prescription, pointing out that because plaintiffs had voluntarily dismissed the only two timely named defendants in the case, BFI and Scott, prescription against Norwel had not been interrupted by the filing of suit against BFI and Scott, who, because of the dismissals, were not solidary or joint obli-gors or co-tortfeasors. Norwel also filed a motion for summary judgment alleging that no genuine issues of material fact remained concerning its liability to 1 splaintif'fs because Norwel repaired the dump truck’s transmission, not its braking system; the truck was operated for a period of six months after the work done by Norwel without incident; the brake fluid level was checked several times between the date of the repairs and the accident; and, plaintiffs failed to provide any competent proof that the work done by Norwel was a cause-in-fact of the accident.
 

 On February 8, 2011, six days prior to the hearing set on Norwel’s exception and motions, plaintiffs filed a memorandum in opposition to the exception of prescription and filed an unsworn report prepared by their expert, Tom Truss. Norwel filed a motion to strike the report as inadmissible hearsay which could not be introduced at a hearing on a peremptory exception. Nor-
 
 *482
 
 wel also pointed out that the report was not relevant to the issue of prescription as it did not set forth any facts documenting the dates and times of their expert’s investigation. Plaintiffs also filed an affidavit by their expert in response to Norwel’s motion for summary judgment. Norwel sought to strike the affidavit as untimely under La. C.C.P. art. 966(B)(2) and because it did not meet
 
 Daubert
 
 standards of admissibility.
 

 The hearing was held and the trial court overruled the exception of prescription and denied both the motion to strike and the motion for summary judgment. The trial court accepted the filing of the affidavit and found that the affidavit created a genuine issue of material fact as to Norwel’s liability. Norwel sought review of these rulings.
 

 |
 
 ¿Discussion
 

 Denial of Exception of Prescription
 

 Tort actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492;
 
 Renfroe v. State, Dept. of Transportation and Development,
 
 01-1646 (La.02/26/02), 809 So.2d 947. La. C.C. art. 2324(C) provides that interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
 
 See also,
 
 C.C. arts. 1799 and 3503. Where there is no liability on the part of the timely sued alleged tortfeasor, however, prescription is not interrupted against another tortfeasor who is not timely sued, since no joint or solidary obligation exists.
 
 Renfroe, supra; Spott v. Otis Elevator Co.,
 
 601 So.2d 1355 (La.1992).
 

 In
 
 Renfroe,
 
 809 So.2d at 950, the supreme stated:
 

 Delictual actions are subject to a libera-tive prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492. The delictual action against Road District No. 1 and the GNOEC was not filed during the one-year prescriptive period, although suit was timely filed against the DOTD. Under La. C.C. art. 3462, prescription is interrupted by the commencement of suit against the obli-gor in a court of competent jurisdiction and venue. Further, the interruption of prescription by suit against one solidary obligor is effective as to all solidary obli-gors. La. C.C. arts. 1799 and 3503. The same principle is applicable to joint tortfeasors. La. C.C. art. 2324 C. However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist.
 
 Spott v. Otis Elevator Co.,
 
 601 So.2d 1355 (La.1992). Because the timely sued defendant, the DOTD, was dismissed from the suit, prescription against Road District No. 1 and the GNOEC is not interrupted and plaintiffs |fisuit against them has prescribed, unless some other basis to revive this suit is found.
 
 [2]
 

 
 *483
 
 In the instant case, plaintiffs sued BFI and Scott within the one-year prescriptive period, but the amending petition against Norwel was filed more than one year after the date of the accident. Because the timely sued defendants, BFI and Scott, were both voluntarily dismissed from this action, | (¡prescription against Norwel was not interrupted and plaintiffs’ suit against Norwel has prescribed unless some other basis to revive the suit is found.
 
 Renfroe, supra; Morris v. Westside Transit Line,
 
 02-1029 (La.App.5th Cir.02/25/03), 841 So.2d 920.
 

 Plaintiffs argue that the doctrine of
 
 contra non valentem
 
 serves to interrupt prescription in their claim against Norwel. Specifically, plaintiffs rely upon the fourth factual situation in which courts have applied the doctrine of
 
 contra non valentem
 
 to prevent the running of liberative prescription, which is where the cause of action is neither known nor reasonably knowable by the plaintiffs even though plaintiffs’ ignorance is not induced by the defendant.
 
 See, Plaquemines Parish Comm. Council v. Delta Development Co.,
 
 502 So.2d 1034 (La.1987); La. C.C. art. 3467, Official Revision Comment (d).
 

 Plaintiffs allege that they initially believed that the accident in which Hines was injured was caused by faulty brakes and/or the dump truck’s braking system. Hines’s brain injury, which was life-threatening, has essentially made him unable to communicate. Therefore, the incident had to be closely examined and reconstructed to determine what could have played a role in the dump truck’s malfunction. While it was originally thought that the truck’s brakes were the sole cause of the accident, plaintiffs’ expert, Tom Truss, discovered at some later date that the transmission retarder may not have been properly working, and that had the retarder been functioning properly, the accident and resultant injuries could have been avoided. It was at this time that plaintiffs amended their petition and added Norwel.
 

 
 *484
 
 | -/Plaintiffs’ expert examined the truck, spoke with Hines’s coworkers and obtained information about all work done on the truck, including that performed by Norwel (Nortrax), before they filed the original action against BFI and Scott. Plaintiffs now argue that the mere fact that they knew that Norwel had performed work on the transmission was insufficient to provide them with the knowledge that was needed to file suit against Norwel. They assert that instead, extensive investigation and research into the matter was required to determine the manner in which the dump truck operated and the function of the retarder inside of the transmission. Plaintiffs urge that, considering the injuries sustained by Hines, prescription should not begin to run against Norwel until plaintiffs became aware of Norwel’s role in causing the accident.
 

 On the other hand, Norwel contends that the doctrine of
 
 contra non valentem,
 
 specifically the fourth category or the discovery rule, does not apply in this case. According to Norwel, plaintiffs failed offer any reason as to why the alleged fault of Norwel could not have been determined prior to the tolling of the one-year prescriptive period.
 

 When the plaintiffs’ petition reveals on its face that prescription has run, and plaintiffs rely upon suspension or interruption of prescription, the burden is on plaintiffs to prove suspension or interruption.
 
 Boyd v. B.B.C. Brown Boveri, Inc.,
 
 26,889 (La.App.2d Cir.05/10/95), 656 So.2d 688.
 

 As noted by the court in
 
 supra,
 
 the doctrine of
 
 contra non valentem
 
 only applies in exceptional circumstances.
 
 See also, Morris, \ ¡¡supra;
 
 La. C.C. art. 3467, Official Revision Comment (d). No exceptional circumstances exist in the instant case.
 
 Renfroe
 

 Assuming arguendo that the trial court did not err in allowing the undated report of plaintiffs’ expert, Tom Truss, into evidence at the hearing on the exception and motions, we find, as plaintiffs have contended, that this report contains information pertinent to the issue of prescription. Unfortunately, this information is not favorable to plaintiffs. The list of materials reviewed by Truss in compiling his report indicate that Truss’s company, Truck Dynamics, performed an inspection of the truck at Allied Waste in Shreveport on May 29, 2008, which was approximately seven months after Hines’s accident. The list of materials reviewed also includes various conversations Truss had with supervisors and former drivers of the Volvo dump truck; Allied Waste Daily Inspection Reports; Landfill Equipment Daily Inspection and Operators Reports, CFA, Inc. Equipment Repair reports; Allied Waste Equipment Repair Orders; Scott Construction Equipment Company Invoices; various parts invoices; Nortrax Service and Repair Invoices; Hines’s Employee File; Articulated Dump Truck Scheduled Service Inspection Form; and the Heavy Equipment Preventive Maintenance/Scheduled Service Inspection Form.
 

 All of this information, including that obtained from conversations with the former operators of the Volvo dump truck involved in the accident, was obtained before the one-year prescriptive period expired, and it was more than sufficient to put a reasonable person on notice of a potential claim against the pertinent companies who performed maintenance and/or l flrePa^r work on the dump truck involved in the accident.
 
 See, Renfroe, supra.
 

 What is required to commence the running of prescription is not proof of a cause of action against a particular defendant, but simply knowledge, actual or constructive, i.e., information sufficient to,
 
 in
 
 
 *485
 

 ter alia,
 
 put a reasonable person on guard to call for inquiry.
 
 Boyd, supra. See also, Kroger Company v. LG Barcus & Sons, Inc.,
 
 43,804 (La.App.2d Cir.01/14/09), 2 So.3d 1163. This notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead.
 
 Campo v. Correa,
 
 01-2707 (La.06/21/02), 828 So.2d 502.
 

 Plaintiffs cannot seek to benefit from their failure to fully investigate the exact cause of their injuries at the expense of Norwel.
 
 See, Baker v. Williams,
 
 02-67 (La.App.3d Cir.08/28/02), 825 So.2d 563. The doctrine of prescription protects defendants from having to defend against stale claims by requiring plaintiffs to file suit in a court of competent jurisdiction and venue in a timely manner.
 
 Id.
 

 Although plaintiffs have argued that they did not learn of the potential involvement of the transmission retarder in the accident until well after the one-year prescriptive period, they have not offered or asserted any reason or circumstance that prevented them from discovering this information.
 
 See, Biehl v. B & K Precision Corporation,
 
 09-0573 (La.App.4th Cir.10/14/09), 23 So.3d 979. The dump truck and all maintenance records, repair invoices and company logs were in the possession of BFI, Hines’s employer, at the time of and following the accident. There is no | inevidence whatsoever to indicate any facts or circumstances which would have prevented plaintiffs from inspecting the dump truck (in fact they had their expert do so seven months after the accident) or reviewing the relevant company documentation regarding the truck’s maintenance, repair and upkeep in a timely manner. As in
 
 Biehl, supra,
 
 with a reasonable amount of diligence, Norwel could have been discovered as a potential defendant within the applicable prescriptive period, and the doctrine of
 
 contra non valentem
 
 is inapplicable.
 

 Accordingly, the trial court’s judgment overruling defendant’s exception of prescription is reversed, and plaintiffs’ claims against defendant are dismissed with prejudice. We therefore do not reach Nor-wel’s remaining assignments of error.
 

 Conclusion
 

 For the reasons set forth above, that portion of the trial court’s judgment overruling defendant’s exception of prescription is REVERSED, and judgment is RENDERED dismissing with prejudice the claims of plaintiffs, Lassie King Hines, Individually and as Curator of Reddin Larry Hines, against defendant, Norwel Equipment Co., LP.
 

 [1]
 

 . This court granted to docket Norwel's writ application.
 

 [2]
 

 . The
 
 Renfroe
 
 court further observed:
 

 In
 
 Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins.,
 
 434 So.2d 1083, 1087 (La.1983), this Court established the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition: (1) The amended claim must arise out of the same transaction or occurrence set forth in the original petition; (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning
 
 *483
 
 the identity of the proper party defendant, the action would have been brought against him; (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
 
 Renfroe,
 
 809 So.2d at 950-51.
 

 The
 
 Renfroe
 
 court found that "plaintiff's supplemental and amending petitions against Road District No. 1 and the GNOEC fail to meet the second and fourth criteria set out in
 
 Ray
 
 for relation back to the original timely filed petition against the DOTD under La. C.C.P. art. 1153.”
 
 Id.
 
 at 953. In the instant case, plaintiffs do not argue this issue as they also clearly can not meet the second and fourth criteria set out in
 
 Ray.
 

 We also note that In
 
 Spott,
 
 601 So.2d at 1360-61, the supreme court stated:
 

 Article 73(B) is an extremely unusual exception to the general rule that suit against a defendant ultimately found not to be liable does not interrupt prescription as to other defendants who, as a result of the timely sued defendant’s dismissal, cannot be the solidary obligors of the dismissed defendant. The jurisprudence on amending petitions after the prescriptive period to name additional defendants, though not directly on point, lends some guidance here. In
 
 Scott v. Burden,
 
 527 So.2d 468 (La.App. 5th Cir.1988), the court held prescription did not bar a suit against a late-named defendant sufficiently alleged to be a solidary obligor of a timely sued defendant. The court noted, however, "[i]f, during subsequent proceedings, it is shown that solidary liability does not exist, an exception of prescription could be filed again, so appellee’s rights are not hurt by our ruling at this time.”
 
 Id.
 
 at 470. Thus, if ultimately the timely sued defendant is found not liable, the suit as to the late-named defendant could be dismissed on the basis of prescription.
 
 Pearson v. Hartford Accident & Indemnity Co.,
 
 281 So.2d 724, 726 (La.1973);
 
 Provident Life and Accident Ins. Co. v. Turner,
 
 582 So.2d 250, 254 (La.App. 1st Cir.1991).