Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,771-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SHAMEKIA BRYANT AND                    Plaintiffs-Appellants
JAMES BRYANT

versus

TOKIO MARINE HCC AND                   Defendants-Appellees
OUACHITA PARISH POLICE JURY

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2019-3838

Honorable C. Wendell Manning, Judge

* * * * *

S. DOUGLAS BUSARI & ASSOCIATES, LLC      Counsel for Appellants,
By: S. Douglas Busari                    Shamekia Bryant and
                                         James Bryant


PETTIETTE, ARMAND, DUNKELMAN,            Counsel for Appellee,
WOODLEY & CROMWELL, LLP                  Tokio Marine HCC
By: Joseph S. Woodley


BREITHAUPT, DUBOS & WOOLLESON            Counsel for Appellee,
By: Michael Lee DuBos                    Greater Ouachita Water
                                         Company

* * * * *

Before MOORE, STONE, and STEPHENS, JJ.

**STEPHENS, J.**

This appeal is from the trial court's judgment granting an exception of prescription filed by defendants, Greater Ouachita Water Company ("GOWC") and Tokio Marine HCC ("Tokio"), dismissing the claims of plaintiffs, Shamekia and James Bryant. For the reasons set forth below, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs filed suit on December 16, 2019, against Tokio and Ouachita Parish Police Jury ("OPPJ"), alleging that they sustained damages on December 17, 2018, when a pump owned by OPPJ failed, and their residence was "inundated by feces." According to plaintiffs, "[a]t all material time pertinent herein, Ouachita Parish Public Works was responsible for the drainage system in the parish, including the sewer system under the auspices of the Ouachita Parish Police Jury." Plaintiffs alleged that Tokio, as the insurer of OPPJ, was solidarily liable for the damages. Both OPPJ and Tokio filed answers denying the allegations of plaintiffs' petition.

On May 15, 2020, OPPJ filed a motion for summary judgment asserting that there were no genuine issues of material fact that OPPJ did not have custody, oversight, or operational control of the sewage facility involved; as such, it does not bear liability for plaintiffs' alleged damages. Therefore, OPPJ was entitled to summary judgment as a matter of law. In its supporting memorandum, OPPJ asserted the following undisputed facts:

1. This case stems from damages allegedly incurred by plaintiffs after their home experienced sewage backup.
2. Plaintiffs' home is located in Town East Subdivision in Ouachita Parish.

3. Town East Subdivision is not serviced by a sewage system controlled and/or operated by OPPJ.
4. Town East Subdivision is serviced by a sewage system that is private (i.e., non-governmental) owned and operated by GOWC.

Filed as an exhibit to the motion for summary judgment was an affidavit by Philip McQueen, the president of GOWC, attesting to that company's ownership and operation of the sewerage system, as well as the fact that Shamekia Bryant is a customer of that system.

The trial court filed an order setting a Zoom hearing on the motion for July 7, 2020. The record contains a July 2, 2020, email from counsel for OPPJ to an employee at the Fourth Judicial District Court advising that an agreement had been reached, and that a proposed consent judgment had been sent to plaintiffs' counsel. Thus, the hearing on OPPJ's motion for summary judgment was unnecessary.

Tokio filed a motion for summary judgment on July 30, 2020, urging that it did not insure OPPJ and was wrongfully included as a defendant in this matter. More specifically, as set forth in an affidavit executed by Stefano Milane, Vice President/Chief Claims Officer with Tokio, that company did not insure OPPJ on December 17, 2018, the date on which plaintiffs' cause of action arose.

Also on July 30, 2020, plaintiffs filed a supplemental and amending petition naming GOWC and Tokio as defendants. No specific allegations were made against either defendant, nor did plaintiffs allege that the new defendants were solidarily liable with the original defendants (one of whom was Tokio, albeit as the alleged insurer of OPPJ). Instead, plaintiffs asserted:

> PETITIONERS reiterating the prayer of their original Petition as though set forth as (sic) length herein, prays that this

2

supplemental and amending petition be filed, and that after due proceedings had, there be judgment in favor of Petitioners, SHAMEKIA BRYANT AND JAMES BRYANT and against the defendants, Greater Ouachita Water Company, Tokio Marine, HCC and other unknown defendants as originally prayed for Herein.

The trial court did not sign the order attached to plaintiffs' motion to amend, but on September 24, 2020, handwrote the following on the order attached to the amending petition: "To be addressed in open court on November 23, 2020, at 9:30 a.m. Ct. Rm. #6 at the time of the contradictory hearing of the pending motion for summary judgment.[1] Also, counsel shall report on status of proposed consent judgment regarding the Ouachita Parish Police Jury."

Plaintiffs filed an untimely opposition to Tokio's motion for summary judgment on November 16, 2020. The hearing on the motion for summary judgment was held on November 23, 2020. The trial judge pointed out to plaintiffs' counsel that the consent judgment between plaintiffs and OPPJ had not been submitted to the court for signing. After hearing argument from counsel for both sides, the trial court granted Tokio's summary judgment motion and dismissed plaintiffs' claims against the insurer. The court denied plaintiffs' motion for leave to amend their petition as the amending pleading failed to clarify or specifically allege that Tokio insured GOWC.

On November 30, 2020, plaintiffs filed a "Second Supplemental and Amending Petition for Damages," which was allowed by the court on

---

[1] At the hearing on Tokio's motion for summary judgment, the trial court noted that it did not grant plaintiffs' first motion to amend their petition and add GOWC and Tokio as defendants because "[Tokio's] motion for summary judgment had already been filed…. And it would address certain issues in your motion, … I do plan to address it… after we address this motion for summary judgment."

3

December 7, 2020. On December 2, 2020, the consent judgment between OPPJ and plaintiffs was signed by the trial court and filed into the record.[2]

On June 2, 2021, GOWC and Tokio filed a peremptory exception of prescription, asserting that the claims urged by plaintiffs in their second amended petition were filed more than one year after the alleged wrongful acts, and there were no allegations that GOWC was solidarily liable with OPPJ. Plaintiffs filed an opposition, pointing out that the original suit was timely filed, and that this operated as an interruption of prescription. Plaintiffs also urged the applicability of Louisiana's Direct Action Statute, La. R.S. 22:1269 (previously La. R.S. 22:655), which allows persons who sustain damages in accidents that occur in Louisiana to bring direct actions against insurers of the individuals alleged to have caused the accidents.

A hearing was held on the exception. The court reviewed the case's procedural history and noted that the amended petition filed by plaintiffs on November 30, 2020, was the first time that they had alleged that GOWC was responsible for their damages, and that plaintiffs had made no allegations therein of solidary liability between GOWC and the original defendants. The court further observed that La. R.S. 22:1269 required that the insured be

---

[2] The consent judgment signed by the judge on December 2, 2020, provides:

> NOW INTO COURT, through undersigned counsel, come plaintiffs, SHAMEKIA BRYANT AND JAMES BRYANT, who consent to the granting of defendant, OUACHITA PARISH POLICE JURY'S Motion for Summary Judgment filed herein.
>
> WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the Motion for Summary Judgment filed on behalf of defendant, OUACHITA PARISH POLICE JURY, is hereby granted, dismissing plaintiffs' action against this defendant, OUACHITA PARISH POLICE JURY, in the above-captioned matter, without prejudice. It is further ordered that all parties are to bear their own court costs.

4

named in the lawsuit, and that Tokio was originally named in its capacity as the insurer of OPPJ, which was dismissed, as was Tokio itself. The trial court then granted the exception of prescription filed by defendants GOWC and Tokio and dismissed plaintiffs' claims. A judgment to that effect was signed on December 1, 2021. It is from this judgment that plaintiffs have appealed.

## DISCUSSION

### *Arguments of the Parties*

Plaintiffs contend that the original suit against Tokio, timely filed on December 16, 2019, interrupted prescription as to GOWC as they are solidary obligors. Although OPPJ was originally named as defendant in the initial petition, plaintiffs amended their petition to name GOWC as defendant in place of OPPJ. Plaintiffs point out that OPPJ, which was voluntarily dismissed from the lawsuit, was named at first because its truck and personnel initially responded to the incident scene.

According to plaintiffs, the original suit brought against Tokio and subsequent amendment naming GOWC as a defendant "could have" resulted in a judgment against either party. It is plaintiffs' position that the filing of the original petition gave Tokio sufficient notice to interrupt prescription. Even though the wrong defendant, OPPJ, was named, the correct insurance company, Tokio, a solidary obligor, was named and apprised of the suit. Plaintiffs urge that there is no prejudice or injustice in allowing them to proceed with their case.

Plaintiffs also argue that the trial court erred in failing to find that their amending petition adding GOWC related back to the date of the original petition. It is plaintiffs' position that all four factors necessary for

5

an amendment adding additional parties to relate to a previously filed pleading as set forth by the Louisiana Supreme Court in *Giroir v. South Louisiana Medical Center, Div. of Hospitals*, 475 So. 2d 1040 (La. 1985), were met in this case.

Defendants assert that the trial court did not err in granting their exception of prescription and dismissing plaintiffs' claims against them. First, plaintiffs' original petition incorrectly named OPPJ and Tokio as its alleged insurer as defendants. Second, plaintiffs' initial attempt to amend their petition was denied by the trial court, as it did nothing more than simply name GOWC as a defendant; there were no allegations asserted against GOWC, and this first amending petition was filed more than a year after the alleged damages were sustained.

Because their claim had prescribed on its face, plaintiffs had the burden of showing an interruption or suspension of prescription. Defendants argue that the original petition did not operate as an interruption as to GOWC, since both OPPJ and Tokio were dismissed from the lawsuit, OPPJ by consent judgment and Tokio via summary judgment. Finally, defendants assert that the trial court did not err in finding that plaintiffs' amended petition did not relate back to the original petition.

*Applicable Law and Analysis*

Generally, the party who asserts the peremptory exception of prescription has the burden of proof. *In re Medical Review Panel of Heath*, 21-01367 (La. 6/29/22), 345 So. 3d 992; *Spott v. Otis Elevator Co.*, 601 So. 2d 1355 (La. 1992). However, the burden of proof shifts to the plaintiff when his petition appears prescribed on its face, and he contends that prescription was either suspended or interrupted. *Mitchell v. Baton Rouge*

6

*Orthopedic Clinic, L.L.C.*, 21-00061 (La. 12/10/21), 333 So. 3d 368; *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So. 3d 991.

When evidence is introduced at the hearing on the peremptory exception, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stevenson v. Progressive Security Insurance Co.*, 19-00637 (La. 4/3/20), 341 So. 3d 1202; *Cariere v. The Kroger Store*, 52,846 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1150.

Personal injury claims are subject to a liberative prescription of one year, commencing to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. The interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. Where there is no liability on the part of the timely sued alleged tortfeasor, however, prescription is not interrupted against another tortfeasor who is not timely sued, since no joint or solidary obligation exists. *Renfroe v. State, Dept. of Transportation and Development*, 01-1646 (La. 2/26/02), 809 So. 2d 947, 950; *Hines v. Browning-Ferris, Inc.*, 46,577, p. 4 (La. App. 2 Cir. 9/21/11), 73 So. 3d 479, 482.

Neither of the original defendants, OPPJ, or Tokio as OPPJ's insurer, was responsible for any of the alleged damages suffered by plaintiffs. Both of these defendants filed motions for summary judgment which were granted—OPPJ's by consent judgment and Tokio's by the trial court following a hearing. Therefore, as in *Hines, supra*, prescription against GOWC and Tokio as GOWC's insurer was not interrupted, since OPPJ

7

cannot be solidarily obligated with GOWC. The trial court correctly found that plaintiffs' suit against GOWC and Tokio had prescribed.

Plaintiffs' second assignment of error is that the trial court erred in failing to find that their amending petition related back to the filing of their original petition.

Louisiana C.C.P. art. 1153, which governs relation back, provides:

> When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.

The purpose of La. C.C.P. art. 1153 is to allow amendment of pleadings despite technical prescriptive bars when the original pleading gives the parties fair notice of the general fact situation out of which the amended claim or defense arises. While article 1153 does not specifically refer to parties, it does provide a means for determining when an amendment adding a plaintiff or defendant relates back to the date of an earlier filed pleading for prescriptive purposes. *Stenson v. City of Oberlin*, 10-0826, p. 14 (La. 3/15/11), 60 So. 3d 1205, 1214; *Moore v. Gencorp, Inc.*, 93-0814 (La. 3/22/94), 633 So. 2d 1268, 1270; *City Life Live, L.L.C. v. Post Office Employees Federal Credit Union*, 52,616, p. 6 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1251, 1254, *writ denied*, 19-00751 (La. 9/17/19), 279 So. 3d 376.

In *Giroir*, 475 So. 2d at 1044, the Louisiana Supreme Court established four criteria that must be satisfied in order to allow for the addition of a party to an originally filed petition:

> An amendment adding or substituting a [defendant] should be allowed to relate back if (1) the amended claim arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the [plaintiff] either knew or should have known of the existence and involvement of the new [defendant]; (3) the

8

new and the old [defendants] are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense.

All four elements set forth in *Giroir* are required for the amendment adding additional parties to relate back to the original petition. *Eaglin v. Eunice Police Dept.*, 17-1875 (La. 6/27/18), 319 So. 3d 225; *City Life Live, L.L.C.*, *supra*; *Bates v. City of Shreveport*, 46,432 (La. App. 2 Cir. 6/22/11), 69 So. 3d 1205.

We find that the trial court did not err in determining that plaintiffs' amended petition does not relate back to their original petition because not all of the elements for relation back of a claim against a new defendant are present in this case. One of the defendants added by the amending petition, GOWC, was a wholly separate legal entity. Furthermore, there is no indication that GOWC received notice of this action or that it was merely a "substitute defendant" who must have or should have known that "but for a mistake concerning the identity of the proper party defendant, this action would have been brought against" it rather than OPPJ.

Instead, the amending petition filed by plaintiffs introduced a new party and brought Tokio back into the suit, albeit in a different capacity altogether, as insurer of GOWC, a wholly separate legal entity. *See, Iles v. State Farm Mutual Automobile Insurance Co.*, 18-276 (La. App. 3 Cir. 11/7/18), 258 So. 3d 850, 855, *writ denied*, 18-2016 (La. 2/11/19), 263 So. 3d 1152. To extend La. C.C.P. art. 1153 and the doctrine of relation back in this case would fly in the face of fundamental fairness and thwart the legislative intent behind article 1153. This we will not do.

9

## CONCLUSION

For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed to plaintiffs-appellants, Shamekia Bryant and James Bryant.

**AFFIRMED.**